UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD WILLIAMS (#364941)

VERSUS                                          CIVIL ACTION

ERIC HINYARD, ET AL                             NUMBER 08-656-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 13, 2009.

                          STEPHEN C. RIEDLINGER
                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD WILLIAMS (#364941)

VERSUS                                               CIVIL ACTION

ERIC HINYARD, ET AL                                  NUMBER 08-656-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment. Record document number 17. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Capt. Eric Hinyard,[2] Lt. Juan Conrad, Sgt. Kevin Smith and Sgt. Willie Dickens. Plaintiff alleged that his constitutional rights were violated when he was sprayed with an excessive amount of chemical irritant in retaliation for appealing a November 29, 2006, prison disciplinary board decision.

Defendants[3] moved for summary judgment relying on a statement

---

[1] Record document number 18.

[2] Defendant Hinyard now holds the rank of Major but was a Captain at the time of the incident upon which the complaint is based. He will be referred to in this report as Capt. Hinyard.

[3] Defendant Sgt. Smith was not served with the summons and complaint and did not participate in the defendants' motion for summary judgment. See record document number 9. Plaintiff has taken no action to obtain a service address for this defendant or to otherwise have him served with a summons and the complaint.

of undisputed facts and the results of Administrative Remedy Procedure (hereinafter ARP) LSP-2007-0705.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

The undisputed summary judgment evidence showed that on November 14, 2006, Sgt. Sharon Rogers issued the plaintiff a Disciplinary Report for violating Rule 21, Aggravated Sex Offense. Plaintiff alleged that the Disciplinary Report was false and defendant Capt. Hinyard ordered Sgt. Rogers to issue it.  The undisputed summary judgment evidence showed that the disciplinary board assigned defendant Capt. Hinyard to investigate the incident. He did so, and his November 23 investigation report supported the rule violation.  On November 29 the plaintiff was found guilty of the disciplinary rule violation.  Plaintiff appealed the decision. On February 6, 2007, the disciplinary appeal was granted, the Disciplinary Report was expunged and the plaintiff was returned to Camp D, Eagle-2 dormitory.

Plaintiff alleged that on February 19, 2007, defendants Lt. Conrad and Capt. Hinyard made rounds on the tier.  Plaintiff alleged that defendant Lt. Conrad ordered the plaintiff to get off

2

of his bed.  Plaintiff alleged that after complying with defendant Lt. Conrad's orders he was handcuffed and shackled and was placed in the shower on Hawk-1 while awaiting transfer to Camp C, Tiger-1 administrative segregation.

Plaintiff alleged that while he was in the shower cell fully restrained, defendants Capt. Hinyard and Lt. Conrad sprayed him with an excessive amount of chemical irritant.  Plaintiff alleged that defendant Capt. Hinyard told him, the plaintiff, that he should not have filed the appeal because it made him, Capt. Hinyard, look bad.  Plaintiff alleged that defendants Sgt. Smith and Sgt. Dickens stood at the head of the tier and observed the excessive use of force but failed to intervene on his behalf. Plaintiff alleged that during the incident he sustained an injury to his eyes which required medical treatment and prescription eye glasses.

Defendants offered a different version of events.  Defendants asserted that after the plaintiff was placed in the shower cell he refused to comply with orders to come to the cell bars so that the restraints could be removed.  Defendants argued that after the plaintiff failed to comply with defendant Capt. Hinyard's orders to come to the cell bars, Capt. Hinyard sprayed the plaintiff with a one second burst of Freeze +P.  Defendants argued that the plaintiff then complied with the orders.  Defendants denied that the plaintiff sustained a physical injury during the incident.

3

Defendants argued that the plaintiff's excessive force and retaliation claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). Specifically, the defendants argued that the plaintiff was found guilty of defiance and possession of contraband as a result of the February 19, 2007 incident.[4] Defendants argued that because the plaintiff's § 1983 excessive force and retaliation claims, if successful, would invalidate the decision of the disciplinary board regarding the disciplinary charges the plaintiff's claims are barred under *Heck*.

Plaintiff made no allegations in his complaint regarding the issuance of a disciplinary report on February 19. Defendants filed with their motion copies of the Unusual Occurrence Reports issued February 19, 2007, by defendant Lt. Conrad and Cadet Allen Perritt. However, the plaintiff filed with his opposition memorandum a copy of the February 19 Disciplinary Report.[5] A review of the disciplinary report showed that the plaintiff was found guilty of the disciplinary charges and was sentenced to restitution and the loss of 180 days earned good time credits.

*Heck* provides that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other

---

[4] As noted above, the February 19 Disciplinary Report was only for Aggravated Disobedience and Defiance.

[5] Record document number 18, opposition memorandum, Exhibit 2.

harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  The Supreme Court has applied the *Heck* analysis to claims made by prisoners challenging prison disciplinary proceedings that result in a change to the prisoner's sentence, such as the loss of good time credits.  *Edwards v. Balisok*, 520 U.S. 641, 643-649, 117 S.Ct. 1584, 1586-89 (1997).

While the plaintiff did not directly challenge his disciplinary board conviction, his excessive force and retaliation claims are premised on the allegation that the plaintiff was not doing anything which warranted the use of any force at all.  Were the court to accept the plaintiff's allegations that the use of any force was unjustified, such a finding would necessarily imply that there was no basis for the issuance of the disciplinary report, thereby calling its validity into question.

Applying the *Heck/Balisok* analysis, the plaintiff's claim for damages attributable to the allegedly excessive use of force and retaliation arising out of the February 19, 2007 incident, is not cognizable at this time.  A finding in his favor on these claims would imply that the disciplinary charges levied against him,

5

asserting that he refused direct orders to come to the bars of the cell and thereby necessitated the use of the irritant spray and alleged excessive force, were invalid. As such, a finding in his favor would call into question the disciplinary sentence and, with it, the length of the plaintiff's confinement through the deprivation of his good-time credits. Because the alleged excessive force and retaliation claims are inextricably intertwined with the associated disciplinary charges and, in the absence of a showing that the disciplinary sentences have been overturned, the claims are not cognizable under § 1983.

Because *Heck* dictates that a cause of action seeking damages under § 1983 for an allegedly unconstitutional imprisonment does not accrue until the conviction - in this case, the disciplinary board conviction - has been invalidated, the plaintiff's § 1983 complaint should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994); *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and this action

6

be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).  It is further recommended that the claims against defendant Sgt. Kevin Smith be dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.[6]

Baton Rouge, Louisiana, April 13, 2009.

                            STEPHEN C. RIEDLINGER
                            UNITED STATES MAGISTRATE JUDGE

---

[6] A dismissal under Rule 4(m) is without prejudice.  Had defendant Sgt. Smith been served and joined in the motion, the claims against him would be subject to dismissal with prejudice.