UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD WILLIAMS (#364941)

VERSUS                                                CIVIL ACTION

ERIC HINYARD, ET AL                                   NUMBER 08-656-JJB-SCR

### RULING ON MOTION FOR ORDER COMPELLING DISCOVERY

Before the court is the plaintiff's Motion For Order Compelling Discovery. Record document number 68. No opposition or other response has been filed.

Plaintiff moved to compel answers to interrogatories and responses to requests for the production of documents.[1]

Plaintiff argued that the defendants failed to respond to any interrogatory he propounded. However, a review of the record showed that the defendants filed answers to interrogatories on July 26, 2011. Defendants responded to each interrogatory without objections.

Plaintiff's motion to compel answers to interrogatories is denied.

Plaintiff also moved to compel responses to requests for production of documents numbers 3, 4, 8, 9 and 10.

In request for production of documents number 3 the plaintiff sought a copy of the Hawk 1 and 2 Administrative Segregation

---

[1] Record document numbers 45 and 46, respectively.

Placement Log Book for February 19, 2007. In request for production of documents number 4 the plaintiff sought the production of copies of Camp C Tiger 1 and 2 Administrative Segregation Placement Logbook for February 19, 2007. In request for production of documents number 9 the plaintiff sought copies of logbook entries on February 19, 2007, showing the time chemical agents were checked out by defendants Hinyard and Conrad. In request for production of documents number 10 the plaintiff sought production of copies of an inventory log indicating the number of cans of chemical agent that are stored in Administrative Segregation Hawk 1 and 2.

Defendants responded either that they "have no documents responsive to this request" or "[t]here are no documents responsive to this request." Defendants' responses are unclear. Defendants could mean that the log books and inventory never existed, or they could mean that the logs books and inventory are no longer available, i.e. have been destroyed for some reason, or simply could not be located for some reason. Defendants will be required to serve a supplemental response clarifying their responses to these four document requests.

In request for production of documents number 8 the plaintiff sought production of copies of all grievances filed between January 2003 and March 2011 against defendants Eric Hinyard and Juan Conrad involving the use of force.

Defendants objected on grounds that the request is overly broad and the information is not calculated to lead to the discovery of admissible evidence.

Defendants objection is well-founded. Plaintiff's request is overly broad and "all grievances" filed between January 2003 and March 2011" are not relevant to the plaintiff's claim that he was subjected to an excessive use of force on February 19, 2007.

Accordingly, the plaintiff's Motion For Order Compelling Discovery is granted in part and denied in part. Within 14 days the defendants shall serve a supplemental response to requests for production of documents numbers 3, 4, 9 and 10 explaining whether the log books and inventory ever existed, and if the did, why they are no longer available to be produced. In all other respects, the plaintiff's motion is denied. Pursuant to Rule 37(b)(5)(C), Fed.R.Civ.P., the parties shall bear their respective costs incurred in connection with this motion.

Baton Rouge, Louisiana, October 3, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE